# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL L. SPUCK, ) | |
| Plaintiff, ) | Civil Action No. 10-159JOHNSTOWN |
| ) | |
| v. ) | District Judge Gibson |
| ) | |
| PENNSYLVANIA BOARD OF ) | |
| PROBATION & PAROLE, <u>et al.</u>, ) | Magistrate Judge Baxter |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that: 1) the motions to dismiss [ECF Nos. 9, 14, and 18] filed by Defendants be granted; and 2) Plaintiff's *in forma pauperis* status be revoked. It is further recommended that Plaintiff be given twenty (20) days to pay the filing fee of $350. If the filing fee is not paid within the time allotted, it is recommended that the complaint be dismissed. It is further recommended that Plaintiff's motion to strike [ECF No. 22] be denied.

**II.  REPORT**

**A.  Relevant Background**

Plaintiff Daniel L. Spuck, currently incarcerated at the State Correctional Institution at Mercer, Pennsylvania, presented this civil rights complaint against the Pennsylvania Board of Probation and Parole, and Alan Robinson, Esquire, of the Pennsylvania Board of Probation and Parole. Plaintiff alleges that his constitutional rights have been violated throughout the parole process.

1

Originally, Plaintiff sought leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915 and this Court granted that motion. ECF No. 2. Defendants, through the Office of the Attorney General, have filed motions to dismiss, arguing *inter alia*, that Plaintiff should be precluded from prosecuting this case *in forma pauperis* under the "Three Strikes Rule." ECF Nos. 9, 14, and 18. Plaintiff has filed responses to the dispositive motions (ECF Nos. 12, 23, and 24), two Amended Complaints (ECF Nos. 13, 17), and a Motion to Strike (ECF No. 22).

### B. The "Three Strikes" Provision of the Prison Litigation Reform Act

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff Daniel Spuck has been a prolific filer in this federal court. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim: Spuck v. Ridge, Civil Action Number 07-301Erie (dismissed by this Court for failure to state a claim and as frivolous on January 5, 2009); Spuck v. Ridge, Appeal Number 09-1397 (Third Circuit's summary affirmance of the dismissal for failure to state a claim on October 6, 2009); Curley v. McVey, Appeal Number 09-2067 (Third Circuit's dismissal of appeal for lack of jurisdiction on August 6, 2009).

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). See also Brooks-Bey v. Schmerfelt, 2011 WL

2

1398472, at *3 (M.D. Pa. March 21, 2011). Here, Plaintiff has not alleged such imminent danger.[1]

## III. CONCLUSION

Because of these prior frivolous dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, it is recommended that: 1) the motions to dismiss [ECF Nos. 9, 14, and 18] filed by Defendants be granted; and 2) Plaintiff's *in forma pauperis* status be revoked. It is further recommended that Plaintiff be given twenty (20) days to pay the filing fee of $350. If the filing fee is not paid within the time allotted, it is recommended that the complaint be dismissed. It is further recommended that Plaintiff's motion to strike [ECF No. 22] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in accordance with the schedule established in the docket entry indicating the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, ___ F.3d ___, 2011 WL 635274, at *4 n.7 (3d Cir. Feb. 9, 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[1] It is a plaintiff's burden to prove entitlement to in forma pauperis status. Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

3

Dated: May 10, 2011