# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL L. SPUCK,** | ) | |
|     **Plaintiff,** | ) | **Civil Action No. 10-159JOHNSTOWN** |
| | ) | |
| v. | ) | **District Judge Kim R. Gibson** |
| | ) | |
| **PENNSYLVANIA BOARD OF** | ) | |
| **PROBATION & PAROLE, et al,** | ) | **Magistrate Judge Baxter** |
|     **Defendants.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 34] be GRANTED.  The Motion to Supplement Newly Discovered Evidence [ECF No. 42] should be DENIED. The Clerk of Courts should be directed to close this case.

**II.  REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, initiated this civil rights action in June of 2010. Plaintiff alleges that current parole procedures and rules violate his constitutional rights.  ECF No. 3.  Named as Defendants are: the Pennsylvania Board of Probation and Parole and Alan Robinson, who is identified by Plaintiff as an attorney for the Board of Probation and Parole. Plaintiff seeks injunctive relief[1] and monetary damages.

---

[1]  In his Original Complaint, Plaintiff sought: 1) to order the Defendants to re-interview with pre-1996 parole policies, procedure and guidelines, as they did with Tony Belcher (inmate) in

1

Following service of the original Complaint, Defendants filed a motion to dismiss arguing that this case should be dismissed under the Prison Litigation Reform Act's provision commonly referred to as the "three strikes rule." ECF No. 9. Thereafter, Plaintiff filed what he titled an Amended Complaint, but is more accurately an opposition to the pending motion to dismiss. ECF No. 13. In response, Defendants filed a motion to dismiss again arguing for dismissal based upon the "three strikes rule." ECF No. 14. Again, Plaintiff filed an "Amended Complaint" which was more accurately an opposition brief. ECF No. 17.

By Report and Recommendation dated May 11, 2011, the undersigned recommended that Plaintiff's in forma pauperis status be revoked due to his status as a "three strikes" and that he allowed twenty days in which to pay the entire filing fee or risk dismissal of this action for failure to prosecute. ECF No. 26. District Judge Gibson adopted the Report and Recommendation as the Opinion of the Court. ECF No. 29. Thereafter, the filing fee was paid.

On October 27, 2011, this Court directed Defendants to either file an answer or dispositive motion in response to the complaint. Defendants filed a motion to dismiss (ECF No. 34) to which Plaintiff has responded by filing a document he titles as "Amendment to the Plaintiff's Complaint and Response to the Respondent's Brief and Motion to dismiss brief in

---

2004-2005; 2) remand to Commonwealth Court or Pennsylvania Supreme Court to address due process claims which they failed to address. Order Defendants to eliminate failure to show motivation for success on future decisions. Order Defendants to take failure to show remorse off any future decision; 3) and because prosecuting attorney is related to victim Cindy Spuck to not allow that as a reason and Judge working without jurisdiction to take his negative response off further decisions to award in excess of $25,000 plus legal and court costs, for punitive, compensatory, discretionary, special future damages; 4) find ex post facto violations and due process/equal protection opportunity violation and violations of collateral estoppel. ECF No. 3, page 3.

support." ECF No. 39.[2] Thereafter, Defendants filed a Reply [ECF No. 40] and Plaintiff filed a Response to the Reply [ECF No. 41].

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

---

[2] It is worth noting that this pleading contains a new caption which expands the list of original Defendants to include: "Pennsylvania Board of Probation and Parole, Commonwealth of Pennsylvania, parties agencies and/or Jane and John Does; 5 Parole Board Members voting no on parole decisions, Alan Robinson, Douglas Barbour, Susan Orney, Jane/John Does, Leaders of Pennsylvania Legislature, Senate, General Assembly, House of Representative, Fredric J. Ammerman, Paul Cherry, John Downing, Ed Rendell, Tome Ridge, Jane/John Does; Pennsylvania Governors from 1968-1972, Jane/John Does; Attorney Generals for Pennsylvania in 1972-2010." ECF No. 39.
   However, Plaintiff did not have permission to file an amendment to the complaint, and consequently, the Clerk of Courts has not added these names to the list of parties in this case and service has not been ordered on these proposed defendants.

3

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of

4

specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Eleventh Amendment Immunity – Defendant Parole Board

Defendants argue that the Pennsylvania Board of Probation and Parole should be dismissed as it is immune under the Eleventh Amendment.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S.

5

274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if: (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). Neither of these is evidenced here.

Accordingly, the motion to dismiss should be granted in this regard and the Pennsylvania Board of Probation and Parole should be dismissed from this action.

### D. Defendant Robinson

In his Original Complaint, Plaintiff alleges that Defendant Robinson "misled the Pennsylvania Supreme Court by stating exhibits were not made a part of record, when in fact they were with exception to 1 exhibit. That Court denied the case and relief to the Plaintiff neither lower courts have addressed due process claims." ECF No. 3, page 3.[3]

In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be

---

[3] Plaintiff reiterates this basic idea in his later filings. See ECF No. 13, ¶ 11 (Robinson "misled the Pennsylvania Supreme Court by stating that the Plaintiff's exhibits were not a part of the record."); ¶ 18 ("Counsel Robinson created a defamation of character to the Plaintiff in the Pennsylvania Supreme Court Appeal, by misstating facts and failing to correct those facts involving the exhibits."); ECF No. 39, ¶ 3 (""Robinson is liable of negligence in slandering the Plaintiff, defaming the Plaintiff's character of the Plaintiff, when he intentionally lied to the Pennsylvania Supreme Court in his brief involving these matters. The following matters involving Alan Robinson, Esquire, liable of negligence in slandering the plaintiff, defame the Plaintiff's character, United States Ex Post Facto violations, due process, substantive due process, Equal Protection, collateral estoppel, immunity. In the appellee brief for the Pennsylvania Parole Board, Attorney General, in which he was a party or agency of the Board, Robinson falsely informed the Court that the Plaintiff/Appellant failed to attached exhibits in support of his brief in prior filings. The Pennsylvania Supreme Court denied any relief from the "petition for review' to the Plaintiff and the Court called the exhibits [illegible] in the 2008-09 order." ).

6

predicated solely on the operation of *respondeat superior*." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). See also Rizzo v. Goode, 423 U.S. 362 (1976). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006) quoting Rode, 845 F.2d at 1207. Plaintiff's allegations against Robinson are not enough to impose personal liability upon him as Plaintiff has not explained how Robinson's alleged slander and/or lies in an appeal to the Pennsylvania Supreme Court are linked to the allegedly unconstitutional parole procedures and rules.

Additionally, to the extent that Plaintiff is seeking to impose liability upon Robinson for his conduct in a court of law, Robinson is protected by prosecutorial immunity. A prosecuting attorney acting in a quasi-judicial role is relieved from liability for acts "intimately associated with the judicial phase of the criminal process," to include "initiating a prosecution and . . . presenting the State's case." Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) quoting Imbler v. Pachtman, 424 U.S. 409 (1976). Even the "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137, quoting Imbler, 424 U.S. at 431-32 n. 34. See also Smith v. Holtz, 210 F.3d 186, 199 n. 18 (3d Cir. 2000)(finding that a prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was protected under absolute prosecutorial immunity). Accordingly, Defendant Robinson cannot be liable as he is insulated from liability by prosecutorial immunity.

### E. Futility of amendment

This Court recommends that Plaintiff not be given the opportunity to file a further amended complaint as such would be futile.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

Plaintiff has already attempted to amend his original complaint three separate times, and has filed a motion to supplement the complaints with newly discovered evidence. See ECF Nos. 13, 17, 39, and 42. None of Plaintiff's attempts overcomes the rationale cited above for the dismissal of this action against these Defendants.[4]

### F. State Law Claims

---

[4] Additionally, Plaintiff acknowledges that he has failed to exhaust his administrative remedies. See ECF No. 3. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted." Id. The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). Plaintiff's failure to exhaust provides another ground for the dismissal of this action, even if Plaintiff were permitted to file an amended complaint.

As all of the federal claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over the state law claims. See <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right. … Certainly, if the federal claims are dismissed before trial, …the state claims should be dismissed as well.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended Defendants' motion to dismiss [ECF No. 34] be GRANTED. The Motion to Supplement Newly Discovered Evidence [ECF No. 42] should be DENIED. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 4, 2012